Filed 1/22/26  P. v. Coronado CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS ENRIQUE CORONADO,<br><br>    Defendant and Appellant. | B345579<br><br>(Los Angeles County<br>Super. Ct. No. BA283071) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark Arnold, Judge.  Affirmed.

Jesus Coronado, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

In 2006, a jury convicted Jesus Coronado of second degree murder and found true a principal gun use allegation. Thereafter, Coronado petitioned for resentencing under Penal Code section 1172.6.[1] The trial court denied the petition at the prima facie stage. Coronado appeals from the order denying his petition. His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216, and Coronado filed a supplemental brief. After independently reviewing Coronado's contentions, we reject them and affirm the order.

## BACKGROUND

In 2004, Coronado and accomplices, all gang members, drove by Luis Valencia, who was standing in the street near his home. (*People v. Coronado* (Nov. 18, 2021, B308296 [nonpub. opn.].)[2] Someone in the car shot Valencia, killing him.

An information filed in 2005 charged Coronado with first degree murder and alleged that a principal used a gun. (§§ 187, subd. (a), 12022.53, subds. (b), (c), (d) & (e)(1).) A jury convicted him of second degree murder and found the principal gun use allegation true. According to an abstract of judgment, a court sentenced Coronado to a total term of 55 years in prison.

---

[1]     All further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[2]     We take judicial notice of prior appellate opinions and rely on them for procedural history only. (Evid. Code, § 452, subd. (a); *People v. Lewis* (2021) 11 Cal.5th 952, 972 [appellate opinion generally part of record of conviction in § 1172.6 proceedings] (*Lewis*).)

In 2020, Coronado filed his first petition for resentencing under section 1172.6. The trial court denied the petition on the ground Coronado was the actual killer who personally used a firearm. (*People v. Coronado, supra*, B308296.) Coronado appealed the order denying his petition. On appeal, a different panel of this division found that Coronado was not convicted under either the natural and probable consequences doctrine or a theory of felony murder. (*People v. Coronado, supra*, B308296.) The appellate court noted that although the trial court incorrectly found that Coronado was the actual killer who used a firearm, the record nonetheless established that the jury was instructed on direct aider and abettor liability with CALJIC Nos. 3.00 and 3.01, and he was convicted under that theory.

In 2022, Coronado again petitioned for resentencing under section 1172.6, and the trial court again denied the petition. (*People v. Coronado* (Feb. 2, 2024, B324996 [nonpub. opn.].) Coronado appealed the order. A different panel of this division affirmed the order and rejected Coronado's argument that the instructions allowed the jury to impute malice to him.

In March 2025, Coronado filed the at-issue third petition for resentencing under section 1172.6. In it, he again argued that he was convicted on an invalid theory under which malice was imputed to him. He also argued that his youth should have been considered at sentencing, and there was insufficient evidence to convict him as an aider and abettor. At the same time, Coronado filed a motion for postconviction discovery of police personnel records under section 1054.9. In that motion, Coronado asserted that the records were necessary to show that law enforcement coerced a witness and to make an evidentiary showing at a hearing under section 1172.6, subdivision (d)(3).

On April 2, 2025, the trial court denied Coronado's petition on the ground he had raised the same claim in a habeas petition that had been denied on August 31, 2022. The trial court did not address the motion for postconviction discovery in its order.

Coronado appealed the order denying his petition, and his counsel filed a *Delgadillo* brief. Coronado filed a supplemental brief in which he argued that his youth should be a factor under section 1172.6 and that there was insufficient proof of the direct perpetrator's intent.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) and subsequent related legislation limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (See generally *People v. Reyes* (2023) 14 Cal.5th 981, 986 (*Reyes*); *Lewis, supra*, 11 Cal.5th at pp. 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)

Senate Bill 1437 added section 188, subdivision (a)(3), which provides that "to be convicted of murder, a principal in a crime shall act with malice aforethought" and malice "shall not be imputed to a person based solely on his or her participation in a crime." Senate Bill 1437 also amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person (1) was the actual killer, (2) was not the actual killer, but, with the intent to kill, acted as a direct aider and abettor, or (3) the person was a major participant in the underlying felony and acted with reckless indifference to

4

human life, as described in section 190.2, subdivision (d). (*Gentile*, *supra*, 10 Cal.5th at p. 842.)

Senate Bill 1437 created a procedure, codified at section 1172.6, for a person convicted of murder under the former law to be resentenced if the person could no longer be convicted of those crimes under current law. (*Lewis*, *supra*, 11 Cal.5th at p. 959; *Gentile*, *supra*, 10 Cal.5th at p. 847.) A defendant commences that procedure by filing a petition containing a declaration that, among other things, the defendant could not presently be convicted of murder under current law. (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

At the prima facie stage, the trial court takes as true the petitioner's factual allegations and assesses whether the petitioner would be entitled to relief if those allegations were proved. (*Lewis*, *supra*, 11 Cal.5th at p. 971.) In determining whether the petitioner has made a prima facie case for relief, the trial court may look at the record of conviction, including jury instructions, verdicts and closing argument, to determine readily ascertainable facts such as the crime of conviction. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 815; see, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 56.) At the prima facie stage, the trial court does not engage in fact finding that involves weighing evidence or exercising discretion. (*Lewis*, at p. 972.) If at the prima facie stage, the record of conviction establishes that the petition is meritless, the trial court may dismiss it. (*Id.* at p. 971.)

The trial court here denied Coronado's petition as a successive petition. However, section 1172.6 does not expressly bar successive petitions for resentencing. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 950.) Even so, the doctrine of

5

collateral estoppel may bar a successive petition if there are no changes in the law that might bring into question a prior ruling. (*Ibid.*)  Coronado's petition raised a claim regarding imputed malice that this division previously considered and rejected on appeal (*People v. Coronado*, *supra*, B308296; *People v. Coronado*, *supra*, B324996), and he cites no change in law impacting those decisions.

As to Coronado's argument that his youth should be a factor when a trial court considers a resentencing petition, youth is not a factor in determining whether a petitioner has made a prima facie case for relief under section 1172.6.  Instead, a prima case requires a petitioner to show that (1) a charging instrument allowed the prosecution to proceed under a now-invalid theory of liability, (2) the petitioner was convicted of murder, attempted murder, or manslaughter, and (3) the petitioner could not presently be convicted of murder, attempted murder, or manslaughter because of changes to the law effected by Senate Bill 1437.  (§ 1172.6, subd. (a)(1)–(3).)

To the extent Coronado challenges the sufficiency of the evidence to support his conviction, a section 1172.6 petition is not a vehicle to relitigate alleged trial errors.  (See, e.g., *People v. Coley* (2022) 77 Cal.App.5th 539, 549 [§ 1172.6 "is not a means by which a defendant can relitigate issues already decided"]; *People v. Farfan*, *supra*, 71 Cal.App.5th at p. 947 ["mere filing" of § 1172.6 petition doesn't afford petitioner new opportunity to raise trial error claims or attack sufficiency of evidence to support jury's findings]; *People v. DeHuff* (2021) 63 Cal.App.5th 428, 438 [§ 1172.6 is not a direct appeal].)

Finally, at least one court has found that a section 1172.6 petitioner may have a right to postconviction discovery after

issuance of an order to show cause and to prepare for the evidentiary hearing.  (*Garcia v. Superior Court* (2024) 106 Cal.App.5th 1005, 1011.)  But here, Coronado failed to make a prima facie case for resentencing, and the trial court did not issue an order to show cause.  His motion for discovery was therefore moot.

## DISPOSITION

The order denying Jesus Coronado's Penal Code section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



ADAMS, J.                          HANASONO, J.

7